**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3205
_____

THE CONSTITUTION PARTY OF PENNSYLVANIA; THE GREEN PARTY OF
PENNSYLVANIA; HILLARY A. KANE, Chair; THE LIBERTARIAN PARTY OF
PENNSYLVANIA; MICHAEL J. ROBERTSON, Chair; WES THOMPSON, Chair,

Appellants

v.

PEDRO A. CORTES, Secretary of the Commonwealth of Pennsylvania; THE JUSTICES
OF THE SUPREME COURT OF PENNSYLVANIA.; THE JUDGES OF THE
COMMONWEALTH COURT OF PENNSYLVANIA; CHARLES W. JOHNS,
Prothonotary of the Supreme Court of Pennsylvania; MICHAEL F. KRIMMEL, Chief
Clerk of the Commonwealth Court of Pennsylvania; CHET HARHUT; ATTORNEY
GENERAL OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:09-cv-01691)
District Judge:  Hon. Lawrence F. Stengel

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2011

Before:  BARRY, CHAGARES, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: May 19, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

The Constitution Party of Pennsylvania, the Green Party of Pennsylvania, the Libertarian Party of Pennsylvania, Hillary Kane, Michael Robertson, and Wes Thompson (the "Minor Parties") appeal the District Court's dismissal of their suit for lack of standing and lack of ripeness. For the reasons set forth below, we will affirm.

I.

The Minor Parties brought this action seeking relief due to the operation of three separate provisions of the Pennsylvania Election Code that, "independently and in conjunction with the other challenged provisions, . . . collectively operate to freeze the Minor Parties out of Pennsylvania's electoral process." Minor Parties' Br. 3. The first of these provisions is 25 Pa. Cons. Stat. Ann. § 2872.2, which requires minor parties, defined as all parties with state-wide registration of under fifteen percent of registered voters, to submit nominating petitions in order to appear on the general election ballot. Next, the Minor Parties challenge 25 Pa. Cons. Stat. Ann. § 2937, which allows a private individual to challenge a nominating petition and authorizes a court to award costs and fees to the prevailing party as deemed appropriate. In 2006, the Pennsylvania Supreme Court interpreted this provision to allow for the imposition of costs against the candidate who filed the nominating petition. In re Nader, 905 A.2d 450 (Pa. 2006). In order to avoid the possible imposition of these fees should their nominations fail under court scrutiny, many Minor Party candidates allegedly began to withdraw their nominating petitions when challenged, choosing to run as write-in candidates instead. According to the Minor Parties, however, many counties do not ever count or certify the write-in votes,

2

in violation of 25 Pa. Cons. Stat. Ann. § 3155. In sum, therefore, the Minor Parties allege that their candidates are forced either to submit a nominating petition and risk the imposition of tens of thousands of dollars of costs and fees should their petitions not withstand scrutiny, or to run as write-in candidates and risk having the votes that were cast for them ignored.

The Minor Parties filed suit in the Eastern District of Pennsylvania, naming as defendants Pedro Cortes, Secretary of the Commonwealth of Pennsylvania, Chet Harhut, Commissioner of the Pennsylvania Bureau of Commissions, Elections, and Legislation, Thomas Corbett, Attorney General of the Commonwealth of Pennsylvania, the Justices of the Supreme Court of Pennsylvania, the Judges of the Commonwealth Court of Pennsylvania, Charles Johns, Prothonotary of the Supreme Court of Pennsylvania, and Michael Krimmel, Chief Clerk of the Commonwealth Court of Pennsylvania. All defendants were named solely in their official capacities. The Amended Complaint contains three counts: Count I, requesting a declaratory judgment that § 2872.2 is unconstitutional as applied; Count II, seeking a declaratory judgment that § 2937 is unconstitutional as applied; and Count III, seeking an injunction ordering Cortes and Harhut to comply with § 3155.

The defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court granted these motions on March 31, 2010, concluding that the Minor Parties lacked standing to bring their claims. In reaching this conclusion, the District Court divided its consideration into two separate categories: standing to seek injunctive relief and standing to seek declaratory relief. The majority of

3

the District Court's discussion focused on standing to seek injunctive relief. First, it noted that it saw no actual or imminent injury in this case, as any chilling effect on access to the ballot was hypothetical, the prior assessment of costs against candidates did not make it likely that such costs would be assessed again, and there was no allegation that costs and fees would be assessed against a party whose nomination petition was submitted in good faith. It then concluded that there was no causation, as none of the defendants in this case could file suit to challenge the nomination petitions, which is a prerequisite for the imposition of costs, meaning that no injury could be caused without the involvement of a third party. The District Court also noted that none of these parties had the ability to change the law and concluded that any opinion issued on this subject would be purely advisory and would not redress any injury to the Minor Parties. Regarding standing to seek declaratory relief, the District Court only briefly stated that there was no standing to do so because the parties did not have adverse legal interests.

The District Court then addressed ripeness concerns for both injunctive and declaratory relief. Again beginning with injunctive relief, the District Court stated that the issues were not yet fit for adjudication because there were no concrete facts or pending dispute to guide the court's inquiry, and that there was no hardship in forcing the Minor Parties to wait to challenge the law because they could appeal any award of fees in state court after they were assessed. On the issue of declaratory relief, the District Court reiterated its position that the parties did not have adverse legal interests, and also reiterated its opinion that the Pennsylvania Supreme Court had not yet authorized the award of fees against a party that had acted in good faith, making the threat of real harm

4

quite low.

Finally, and quite briefly, the District Court invoked the Rooker-Feldman doctrine as an additional reason that it did not believe that it had jurisdiction over this case. The District Court viewed this suit as meant to challenge the decisions of Pennsylvania's state courts in In re Nader and In re Rogers, 942 A.2d 915 (Pa. Commw. Ct. 2008), aff'd 959 A.2d 903 (Pa. 2008), and stated that it believed the instant case not to be functionally different from a direct appeal of those cases to the District Court. For all of these reasons, the District Court dismissed the Minor Parties' Amended Complaint.

Following the dismissal of their claims, the Minor Parties filed a motion to reconsider with the District Court, arguing that the District Court improperly focused all of its analysis on Count II of the Amended Complaint – their challenge to § 2937 – and also raising several arguments that are again brought on appeal. The District Court denied the motion to reconsider and noted that the analysis in its opinion on the motion to dismiss applied equally to all counts of the Amended Complaint, as both Count I and Count III relied on the allegation that § 2937 places an unconstitutional financial burden on the Minor Parties, and without standing to challenge this aspect, the Minor Parties must also lack standing to bring Counts I and III.

The Minor Parties filed the instant appeal and argue that the District Court did not properly consider Counts I or III before dismissing them, that the District Court erred in its conclusion that the Minor Parties lacked standing to bring Count II as well as in its conclusion that the claims in Count II were not ripe, and that the District Court erred in its invocation of the Rooker-Feldman doctrine.

5

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's dismissal under Rule 12(b)(6), DP Enters. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984), as well as over all jurisdictional questions, including those relating to standing and ripeness. Belitskus v. Pizzingrilli, 343 F.3d 632, 639 (3d Cir. 2003). In exercising this review, we are constrained, as was the District Court, to accept all factual allegations in the complaint as true, and to view all inferences in the light most favorable to the Minor Parties. DP Enters., 725 F.2d at 944.

III.

A.

The main focus of this appeal is the Minor Parties' assertion that the District Court erred in dismissing Count II of their Amended Complaint. First, they assert that § 2937 is facially unconstitutional. We need not address this issue, as the Amended Complaint is explicit in only bringing as-applied challenges to the pertinent statutes, and arguments not raised to the court below are waived. See Gass v. V.I. Tel. Corp., 311 F.3d 237, 246 (3d Cir. 2002).

The majority of the Minor Parties' argument addresses the District Court's decision to dismiss Count II for lack of standing. It is well established that in order to have standing, a plaintiff must demonstrate that he has suffered an injury, that there is a causal connection between the defendant's conduct and his injury, and that the injury will likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S.

6

555, 560-61 (1992). More specifically, any injury must be "concrete and particularized" and "actual or imminent." Id. at 560. As the Supreme Court recently noted, however, "the injury required for standing need not be actualized. A party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct." Davis v. FEC, 554 U.S. 724, 734 (2008).

Even though "the injury-in-fact element is often determinative," Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009), in the present case we believe that the Minor Parties' allegations most clearly fail to establish causation. It appears that the Minor Parties have alleged two major injuries: first, that the imposition of fees has made it more difficult to recruit candidates to place their names on the ballot; and second, that individual candidates who have agreed to run for their respective parties have withdrawn their nominating petitions when challenged rather than risk the imposition of fees. Mindful that "the proof required to establish standing increases as the suit proceeds," Davis, 554 U.S. at 734, there is simply no allegation in the Amended Complaint, other than conclusory assertions, that the potential imposition of fees is responsible for the recruitment difficulties. The District Court could not conclude that the increased difficulty in recruitment is caused by the potential imposition of fees and not by a change in general public opinion, a change in the effectiveness of recruitment strategies or party leadership, or any multitude of other factors that could result in a minor party fielding a candidate for election in one year and failing to do so in a subsequent year. In other words, the District Court could not conclude "that the defendant's challenged actions, and not the actions of some third party, caused the plaintiff's injury." Toll Bros., 555 F.3d at

7

142. Further, any injury that occurred as a result of individuals withdrawing their nominating petitions was caused by those individuals' voluntary choice to withdraw their petitions, and not by any action on the part of defendants.[1] In the absence of a showing of causation, we must conclude that the Minor Parties lack standing to bring this case.

Having concluded that no causation can be established, we need not consider the issue of redressability or whether the claims are ripe. Without all three elements of standing, there is no case or controversy as is required by Article III of the Constitution, and we are without jurisdiction to hear the claim. For the reasons stated above, we conclude that the Minor Parties did not have standing to bring their claims, and will affirm the District Court's order of dismissal.

## B.

The Minor Parties also argue that the District Court erred in dismissing Counts I and III of their Amended Complaint without considering the substance of those counts. They assert that the District Court's attempt to cure this lack of analysis by asserting, in its opinion denying the motion to reconsider, that the discussion of Count II applied to Counts I and III as well, is insufficient. They state that the claims in Count I and Count III did not rely on Count II, as the District Court seemed to assume, and urge this Court to reverse the dismissal of those counts as well.

---

[1] We note that even if causation could be established as to this injury that there would be no redressability. All of these individuals have already withdrawn their nominating petitions, and the Minor Parties do not allege that any of these individuals will again file a nominating petition should the possible imposition of fees be removed. For this reason, even if we were to conclude that defendants' actions were the indirect cause of the Minor Parties' injury, we would still conclude that they lacked standing to bring the claim.

8

Although we conclude that the District Court did not err in dismissing the Minor Parties' claims for lack of standing, the Minor Parties still were entitled to an analysis of their standing on all counts. After reviewing the Amended Complaint, however, we are unwilling to state that the District Court erred in asserting that the analysis of Count II applied with equal force to Counts I and III. Count I seeks a declaratory judgment that § 2872.2 is unconstitutional because it imposes a burden on Minor Party candidates that is not imposed on major party candidates and that functions to chill the exercise of their First Amendment rights. The District Court had already analyzed the Minor Parties' standing to bring a suit for declaratory relief in analyzing Count II, and there are no allegations in the Amended Complaint that would lead us to believe that the parties, their interests, or the adversity of their interests would change at all regarding Counts I and II. Count III was brought for injunctive relief to enforce the provisions of § 3155. Although the injury alleged is sufficiently different that the standing analysis between Counts II and III may differ, the ripeness analysis remains the same; the Minor Parties are raising a factual issue regarding the enforcement of a law, and it is certainly reasonable to conclude that there would be no hardship in forcing the Minor Parties to wait until the votes had allegedly not been counted or certified before seeking injunctive relief. For these reasons, we believe that the District Court adequately addressed Counts I and III by incorporating its analysis from the motion to dismiss, and will not reverse the District Court merely for its failure to repeat its analysis on each separate count.

C.

The Minor Parties' final contention is that the District Court erred in invoking the

9

Rooker-Feldman doctrine as a ground for refusing to exercise jurisdiction over the case. As we have concluded that the District Court appropriately determined that the parties lacked standing, we need not evaluate the application of the Rooker-Feldman doctrine to the present case.

IV.

For the foregoing reasons, we will affirm the District Court's dismissal of the case.